## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

        Plaintiff,

    v.                             No. CR 07-748 MCA

**TRAVIS DALLY**,

        Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Defense Motion to Exclude Two Statements of Mr. Dally Disclosed to the Defense in Violation of this Court's Order Requiring All Such Statements Be Turned Over No Later Than March 13, 2009* [Doc. 637] filed by Defendant Travis Dally on April 28, 2009.  Having considered the parties' submissions, the relevant law, and being fully advised in the premises, the Court denies the motion for the reasons set forth below.

On August 28, 2007, the Court declared this case complex pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) (prior to 2008 amendment) based on the presence of several factors including "the sheer volume of discovery."  [Doc. 98.]  At the Court's direction, the parties met and conferred to develop a *Scheduling Order* [Doc. 167] and a subsequent *Order Setting Deadlines for Disclosure of Remaining Discovery and Expert Notice* [Doc. 544] to accommodate their discovery needs in advance of the trial date, which was then scheduled for May 18, 2009.  The latter *Order* was prompted in part by the extraordinary breadth of the Defendants' discovery requests which, as the Court previously noted, cover "essentially

every category of information that is discoverable at any time under any statute, rule, constitutional provision, or case law." [Doc. 512.]

Pursuant to the *Order* [Doc. 544] filed on February 20, 2009, "[a]ll recorded statements of Mr. Dally" were due to be disclosed on or before March 13, 2009.  On April 28, 2009, Defendant Dally moved to exclude two statements attributed to him that the Government did not disclose by the deadline of March 13, 2009.  [Doc. 637.]  In response to Defendant Dally's motion, the Government acknowledged that the two statements in question, which are documented in an FBI 302 report dated March 20, 2006, were not disclosed to Defendant Dally's counsel until April 6, 2009.  The Government asserts, however, that this delayed disclosure was inadvertent and does not provide grounds for the extreme sanction of excluding the statements in question from the evidence that may be introduced at trial.  [Doc. 651.]

The Court finds that the Government did not act in bad faith and that it would be improper to resort to such an extreme discovery sanction in the first instance without ruling out the possibility that any unfair prejudice caused by the late disclosure can be cured by other means.  See United States v. Ivy, 83 F.3d 1266, 1280 (10th Cir. 1996).  The proper approach is to "impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." United States v. Gonzales, 164 F.3d 1285, 1292 (10th Cir. 1999).  "The preferred sanction is a continuance." United States v. Golvansky, 291 F.3d 1245, 1249 (10th Cir. 2002).

In this case, the Court already has continued the trial date from May 18, 2009, until

June 10, 2009, based on the "remaining issues requiring resolution before trial" as expressed by the parties at prior hearings. [Doc. 616.] Given that the Court has already moved the trial date back by more than three weeks to June 10, 2009, Defendant Dally has not shown that his defense is unfairly prejudiced by a corresponding delay of approximately three weeks in disclosing the two statements at issue in his motion. Accordingly, neither the sanction requested in Defendant Dally's motion nor a further continuance of the trial date is warranted at this juncture.

Nevertheless, the Court again takes this opportunity to forewarn the parties that further non-compliance with the Court's scheduling orders may result in the imposition of sanctions, including but not limited to excluding evidence that was not timely disclosed, or holding the party responsible for such non-compliance accountable with respect to any violation of the Speedy Trial Act or the Defendant's Sixth Amendment right to a speedy trial. The Court also expresses concern that the parties are not paying heed to the specific directives contained in the Court's *Pretrial Scheduling Order* [Doc. 608], as evidenced by their repeated requests for extensions of the deadlines stated therein. [Doc. 618, 619, 647, 648.] Nothing in this *Memorandum Opinion and Order* should be construed to create an expectation that further extensions or continuances will be granted.

**IT IS THEREFORE ORDERED** that the *Defense Motion to Exclude Two Statements of Mr. Dally Disclosed to the Defense in Violation of this Court's Order Requiring All Such Statements Be Turned Over No Later Than March 13, 2009* [Doc. 637] is **DENIED**.

**SO ORDERED** in Albuquerque, New Mexico, this 12th day of May, 2009.

**M. CHRISTINA ARMIJO**
United States District Judge