## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. CR 07-0748 MCA

TRAVIS L. DALLY,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motions for appointment of counsel (Doc. 908), for production of discovery materials (Doc. 909), and for leave to proceed in forma pauperis ("IFP") (Doc. 910). It appears from the record that Defendant has previously been found indigent (Docs. 63, 64), and the IFP motion will be denied as moot. For reasons set out below, Defendant's other motions will be denied.

Defendant's motion for appointment of counsel asks the Court to appoint counsel to assist him in preparing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Supreme Court of the United States has addressed the question of prepetition appointment in a § 2254 proceeding attacking a capital sentence for a drug offense conviction. In *McFarland v. Scott*, 512 U.S. 849 (1994), the Court stated, "[21 U.S.C. ]§ 848(q)(4)(B) bestows upon capital defendants a mandatory right to counsel, including a right to preapplication legal assistance, that is unknown to other criminal defendants. . . . [N]oncapital defendants have no equivalent right to the appointment of counsel in federal habeas corpus proceedings [and] habeas corpus proceedings typically will be initiated by the filing of a habeas corpus petition." *Id.* at 857 n.3 (emphasis added). And, as the Court of Appeals for the Tenth Circuit subsequently noted, "*McFarland* merely ensured indigent capital defendants the right to counsel established by § 848(q)(4)." *Moore v. Gibson*, 195

F.3d 1152, 1161 (10th Cir. 1999).  Because Defendant does not have "a right to preapplication legal assistance," *McFarland*, 512 U.S. at 857 n.3, the Court will deny his motion.

Furthermore, the Court will not construe this motion as a § 2255 motion.  "[T]he denial by the district court of . . . a motion for the appointment of counsel . . . would constitute an appealable case.  This does not imply, however, that the [Defendant's § 2255] case has been initiated by the filing of such a preliminary motion."  *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999), *quoted in Moore v. Gibson*, 195 F.3d at 1163; *and see Fierro v. Cockrell*, 294 F.3d 674, 680-81 (5th Cir. 2002) ("[W]e rejected the contention that a motion to stay execution or a motion to appoint counsel initiates a habeas corpus proceeding.").  The Court's denial of Defendant's motion for appointment of counsel is without prejudice to his filing a § 2255 motion.

The Court will also deny the motion for production of discovery materials, which seeks copies of transcripts at taxpayer expense.  Defendant asserts that "there are potentially beneficial pieces of information contained within those transcripts."  As noted by the United States Court of Appeals for the Tenth Circuit, if no action is pending, "[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. § 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies." *Prince v. United States*, 312 F.2d 252, 253 (10th Cir. 1962).  Here, "[Defendant]'s principal error . . . is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires.  It does not; . . ." *Guinn v. Hoecker*, No. 94-1257, 1994 WL 702684, at **1 (10th Cir. Dec. 15, 1994); *and see United States v. Anderson*, No. 2:94cr163, 1997 WL 138970, at *3 (E.D. Va. March 14, 1997) (requiring showing of particularized

need). Because no action is pending and Defendant makes no allegation of a particularized need for the documents, the Court will deny the motion.

IT IS THEREFORE ORDERED that Defendant's motion for leave to proceed in forma pauperis ("IFP") (Doc. 910) is DENIED as moot, and his motions for appointment of counsel (Doc. 908) and for production of discovery materials (Doc. 909) are DENIED;

IT IS FURTHER ORDERED that the Clerk is directed to enter Defendant Tally's current address on the docket and to send a copy of this order to him at his current address.

_____
UNITED STATES DISTRICT JUDGE